IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sidney Zemp and Madge Zemp, | Civil Action No.: 4:13-1209-MGL |
| Plaintiffs, | |
| v. | **OPINION AND ORDER** |
| Sovereign Bank, N.A., | |
| Defendant. | |

Before this court is Defendant Sovereign Bank, N.A.'s ("Defendant") Motion to Dismiss or, in the alternative, for Summary Judgment (ECF No. 8) filed pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or 56, and Defendant's Motion for Stay of Deadlines and Entry of Scheduling Order(s) (ECF No. 14) filed pursuant to Local Civil Rule 16.00(C). Having considered the motions and responses filed, the record, the arguments of the parties, and the applicable law, the court denies Defendant's Motion to Dismiss (ECF No. 8.) Defendant's Motion for Stay of Deadlines and Entry of Scheduling Order(s) (ECF No. 14) is rendered moot accordingly.

**FACTUAL AND PROCEDURAL BACKGROUND**

This matter was removed from the Court of Common Pleas, County of Darlington, South Carolina on May 3, 2013, by Defendant Sovereign Bank. (ECF No. 1.) In their complaint, Plaintiffs Sidney Zemp and Madge Zemp ("Plaintiffs") assert causes of action pursuant to the South Carolina Consumer Protection Code, S.C. Code Ann. § 37-5-108, negligent and wilful violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and negligent and reckless training and supervision stemming from Defendant's alleged conduct in making unauthorized telephone calls to cellular numbers regarding an alleged

mortgage debt. (ECF No.1-1.) On May 10, 2013, Defendant moved to dismiss, or in the alternative, for summary judgment, alleging: 1) South Carolina Consumer Protection Code, S.C. Code Ann. § 37-5-108 is inapplicable to a first mortgage lien and thus, must be dismissed as a matter of law; 2) Defendant had prior express consent to use the telephone numbers in question and thus, Plaintiffs fail to state a plausible cause of action under the Telephone Consumer Protection Act in view of the applicable pleading standards; and 3) the actions alleged by Plaintiffs fail to state a plausible cause of action for negligent/reckless training and supervision of employees under the applicable pleading standards. (ECF No. 8.) Additionally, Defendant presented "extrinsic evidence" for this court's review in the event the court desires to convert the motion into one for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). (ECF No. 8-1 at 5.) Although Plaintiffs oppose the motion, Plaintiffs state their consent to a dismissal of their South Carolina Consumer Protection Code claim without prejudice. (ECF No. 11 at 4.)

## STANDARD OF REVIEW

Defendant moves to dismiss this case under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that Plaintiffs' claims do not satisfy the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555 (2007). Alternatively, Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999). In considering a motion to dismiss, plaintiffs' well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiffs' favor. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130,

1134 (4th Cir. 1993). A plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555. The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed.R.Civ.P. 12(d). Further, all parties must be given a reasonable opportunity to present material that is pertinent to the motion. *Id.*

## DISCUSSION

Plaintiffs consent to the dismissal of their South Carolina Consumer Protection Code claim. Accordingly, this claim is dismissed without prejudice. As to Plaintiffs' remaining claims, after reviewing the record in this case, accepting all well-pleaded allegations in Plaintiffs' complaint as true, and drawing all reasonable factual inferences from those facts in Plaintiffs' favor, the court finds that Plaintiffs state a claim for relief and hereby denies the Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). At this stage of the litigation, it is premature to decide that no relief could be granted under any set of facts that could be proven consistent with the allegations. The allegations of the complaint do state a plausible claim for relief under the pleading standards set forth in *Iqbal* and *Twombly*.

This Court notes that pursuant to Rule12(b)(6), it *may* convert a motion to dismiss into a motion for summary judgment. *See McBurney v. Cuccinelli*, 616 F.3d 393, 410 (4th Cir. 2010). It would, however, be premature to do so at this time prior to Defendant's

answer and an opportunity for Plaintiffs to have reasonable discovery on their claims and the defenses asserted by Defendant. Particularly, this court believes that any summary ruling should await the development of a more complete factual record surrounding the nature and scope of Plaintiffs' consent to receive telephone calls to their cellular telephones. Thus, this court's order denying the motion to dismiss is without prejudice to the right of either party to file a motion for summary judgment after discovery is completed.

## **CONCLUSION**

Because Plaintiffs' complaint is sufficient to withstand the motion to dismiss, Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment is DENIED without prejudice to the right of either party to file a motion for summary judgment after the completion of discovery. (ECF No. 8.) Because Plaintiffs state their consent to a dismissal of their South Carolina Consumer Protection Code claim without prejudice, Count I of Plaintiffs' complaint is hereby dismissed without prejudice. Defendant's Motion for Stay of Deadlines and Entry of Scheduling Order(s) is DENIED as MOOT. (ECF No. 14.)

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Florence, South Carolina
July 9, 2013